UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Richard L. Gagnon,           :
     Petitioner,           :
                             :
     v.                      :      File No. 2:06-CV-119
                             :
United States of America    :
     Respondent.           :

OPINION AND ORDER
(Paper 4)

Richard Gagnon, proceeding *pro se*, has filed a petition pursuant to 28 U.S.C. § 2241 seeking to have his federal sentence modified. Gagnon alleges that after his federal sentencing in 2005, the Vermont Department of Corrections failed to adhere to this Court's recommendation that he be transferred "forthwith" from state custody to federal custody. The purpose of the transfer would have been to allow for Gagnon's participation in a 500-hour drug and alcohol rehabilitation program, successful completion of which would have entitled him to early release benefits on his federal sentence. Gagnon claims that his retention in state custody violated his federal plea agreement and rendered his sentence unconstitutional. For the reasons set forth below, his § 2241 petition is DENIED.

Factual Background

In March, 2004, a federal grand jury indicted Gagnon and two other men on charges of counterfeiting.  In December, 2004, Gagnon entered a guilty plea, and on April 21, 2005, he was sentenced to 27 months in prison to be followed by a two-year term of supervised release.  Gagnon's federal sentence was to run concurrent to "undischarged terms of imprisonment."  At the time, he was serving two to ten years on a state court conviction for offenses committed in 2003.

At the sentencing hearing, the Court "recommend[ed] to the Bureau of Prisons that the defendant be transferred into federal custody forthwith to allow immediate participation in the 500 hour [comprehensive drug and alcohol rehabilitation] program . . . and that he receive any early release benefits which are available to successful participants . . . ."  The government reports that this program authorizes a one-year reduction in sentence upon its successful completion.  The parties agree that one of the eligibility criteria for the program is a minimum of 24 months remaining on the inmate's federal sentence.

On February 18, 2006, the Vermont Parole Board granted Gagnon parole.  When the United States Marshals came to take him into federal custody, however, Gagnon refused to sign the "Parole Packet."  Gagnon claims that "[a]t issue was the fact that Petitioner could no longer complete 24 calendar months that was required for the 500 hour drug program and would be in violation of the parole."[1]  The terms of Gagnon's proposed state parole are not a part of the current record.  Gagnon subsequently remained in state custody, where he continued to receive credit against his federal sentence.

Gagnon now claims that because he cannot participate in the federal rehabilitation program, he will spend an additional year in prison.  He further asserts that the Vermont Department of Corrections' failure to release him to federal custody immediately after his sentencing violated the "spirit" of his federal plea agreement.  For relief, Gagnon seeks "judicial intervention to amend and reduce the 27 month sentence to reflect this change in circumstance . . . ."

---

[1]  According to the government's opposition memorandum, the Bureau of Prisons has calculated that Gagnon's federal prison sentence will expire in April, 2007.

Discussion

When a sentencing judge makes a recommendation to the Bureau of Prisons with respect to place of confinement, "the district judge's views are not controlling." United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (citing 18 U.S.C. § 3621(b)). Here, the Court recommended to the Bureau of Prisons that Gagnon be transferred out of state custody. Not only was the Court's recommendation non-binding, but the power to follow the recommendation rested with the Vermont Department of Corrections. Accordingly, Gagnon's fundamental claim is that the State did not follow the Court's recommendation.

At the time of sentencing, this Court had no jurisdiction over Gagnon's state court sentence. Nor did the Court have the power to order a transfer from state to federal custody. "As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991). When a prisoner is brought to federal court pursuant to a *writ of habeas corpus ad prosequendum*, the writ affords

4

only temporary custody of the prisoner.  See Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989) (*per curiam*), cert. denied, 495 U.S. 934 (1990).  "Principles of comity require that when the writ is satisfied, the second sovereign return the prisoner to the first sovereign." United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993).

Gagnon has offered no authority for the proposition that this Court could have ordered the State of Vermont to transfer him to federal custody prior to the expiration of his state sentence.  Indeed, it is clear from the record in this case that the Court *recommended*, and did not order, such a transfer.  Furthermore, although Gagnon claims that the spirit of his plea agreement has been violated, he has failed to identify a violation of any provision of that agreement.  Lacking any evidence of a plea agreement violation, and because the Court's recommendation at sentencing was not binding upon either the Bureau of Prisons or the Vermont Department of Corrections, there has been no "change in circumstances" meriting an adjustment to Gagnon's sentence.

5

<u>Conclusion</u>

For the reasons set forth above, Gagnon's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is DENIED.

Dated at Burlington, in the District of Vermont, this 6th day of March, 2007.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
Chief Judge, United States District Court